UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH RIVERS,

                                          Plaintiff,

                  -against-

DEPARTMENT OF CORRECTIONS NYC;
THE CITY OF NEW YORK,

                                          Defendants.

24-CV-0120 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Otis Bantum Correctional Center (OBCC) on Rikers Island and proceeds *pro se*, brings this action under 42 U.S.C. § 1983. By order dated February 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Keith Rivers makes the following allegations.

> I'm scared because of ongoing retaliation to andre antrobus that they threatn him
> [and] others like ty cooper to allen watkins to carlos miatias to etc. because they
> put contract hits on them 'to do serious imminent injury' and have done these
> injuries and denied them medical services.

(ECF 1 at 4.)[2] Plaintiff further asserts that "employees and inmates they hire off of contract have

assaulted them constantly in retaliation as in; several cuttings burns, gang assaults, assaults,

stabbings and etc." (*Id.*) "[S]ome people like jothan copeland that was helping Mr. Antrobus get

threaten from the warden to the deputy wardens to the captains to the officer . . . ." (*Id.*)

In addition to Plaintiff's allegations that he is worried because of harm to other detainees,

Plaintiff also alleges facts that may relate to harms that he personally has suffered. Plaintiff states

that there has been an "unreasonable seizure of favorable exonerating evidence for over a year."

(*Id.*) In addition, Plaintiff states that "the[y're] blocking my mail still which is blocking my

defense and a federal offense of mail tampering, mail fraud and mail theft 18 title 1341 to 1500."

(*Id.*) He states that "on and off now after 11-01-23 every 3 days they hold mail for 2 weeks too a

month then send it back with a fraudulent mail usps yellow sticker of insufficient address or you

didn,t have money in your account to send it you have $0.00 in youre account." (*Id.*) He states

that "without their tactics of holding my mail I would be free already." (*Id.*)

---

[2] All spelling and punctuation in the quoted material is from the original, unless otherwise
indicated.

Plaintiff brings this suit against the New York City Department of Correction (DOC) and the City of New York, seeking $1.5 million in damages.

## DISCUSSION

### A.    Claims against DOC

Plaintiff brings claims against the DOC. As an agency of the City of New York, however, the DOC is not an agency that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Any claims against the DOC must be brought against the City of New York. The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Claims against the City of New York

Plaintiff has not stated a claim under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal

policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

Plaintiff fails to plead facts sufficient to show that any policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. He therefore fails to state a claim under Section 1983 against the City of New York. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York.

## C.     Claim for failure to protect

Plaintiff alleges that he fears for his safety, which the Court construes as an allegation that DOC employees are failing to protect him, in violation of his constitutional rights. Failing to protect a pretrial detainee from assault rises to the level of a violation of the Fourteenth Amendment to the Constitution only where an official acted with "deliberate indifference to a substantial risk of serious harm" to the detainee. *Farmer v. Brennan*, 511 U.S. 828, 836 (1994). To establish deliberate indifference for a failure to protect claim, a plaintiff must satisfy a "two-prong test comprised of both objective and subjective standards." *McDaniel v. City of New York*, No. 19-CV-8735, 2022 WL 421122, at *6 (S.D.N.Y. Feb. 11, 2022). For the objective prong, the plaintiff must show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "In assessing whether the risk of . . . violence . . . is 'sufficiently serious' to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather the existence of a 'substantial risk of serious harm.'" *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997).

For the subjective prong, the plaintiff must establish that the "officer acted with at least deliberate indifference to the challenged conditions," which, in the context of the Fourteenth Amendment, means that the officer "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Thus, "prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner." *Johnson v. Schiff*, No. 17-CV-8000, 2019 WL 4688542, at *16 (S.D.N.Y. Sept. 26, 2019). Generally, "[c]ourts have found that, when an inmate informs correction[ ] officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect." *Francis v. City of New York*, No. 17-CV-1453, 2018 WL 4659478, at *4 (S.D.N.Y. Aug. 21, 2018) (citation and quotation marks omitted); *Villa v. Westchester Cnty.*, No. 19-CV-428, 2020 WL 4505968, at *7 (S.D.N.Y. Aug. 5, 2020) ("When an inmate informs correction officers about a specific fear of assault and is then assaulted, this is sufficient to proceed on a claim of failure to protect."). Prison officials can be liable, however, "whether or not an attack actually occurs," and "whether or not the injuries suffered in an attack are serious." *Johnson*, 2019 WL 4688542, at *16; *Velez v. City of New York*, No. 17-CV-9871, 2019 WL 3495642, at *4 (S.D.N.Y. Aug. 1, 2019) ("Those cases which have found officers potentially liable for failing to prevent an attack involved clear and specific threats against an inmate.").

Here, Plaintiff alleges that he is scared because of threats to, or assaults on, other detainees. (ECF 1 at 4.) Plaintiff does not allege any facts showing that he personally faces an objectively serious risk of harm. He does not allege facts suggesting that he has a specific reason

to fear an assault (either from a particular individual or because of a specific reason making him a target); that he has notified anyone at the facility of a specific risk of harm; or that he has requested protection due to a specific risk. Because it is unclear from the facts alleged that Plaintiff has any specific reason to believe that he is at risk, Plaintiff fails to state a claim for deliberate indifference to a serious risk of harm. The Court therefore dismisses this claim, 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead.[3]

If Plaintiff chooses to file an amended complaint and repleads this claim, he must include any facts that show that he faces a specific risk of harm and facts that indicate that a named defendant knew or should have known of that risk. Plaintiff may name as a defendant any individual who was personally involved in violating his rights -- an individual who was aware of the specific risk and failed to take reasonable action. If Plaintiff does not know the name of the individual, he may identify that individual as a "John Doe" or "Jane Doe" defendant in the caption of the complaint and explain in the body of the complaint what "John Doe" or "Jane Doe" did or failed to do that violated his rights.

**D.      First Amendment Claim**

The Court liberally construes Plaintiff's claims about interference with his mail as arising under the First Amendment. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351

---

[3] As a non-attorney, Plaintiff cannot bring claims on behalf of other detainees. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Any claims that Plaintiff may be attempting to bring on behalf of Andre Antrobus or other detainees named in the complaint must therefore be dismissed.

(2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)). Plaintiff's allegations concerning his legal mail implicate both an access-to-courts claim and a general mail tampering claim.

1.    Access-to-courts claim

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren*, 386 F.3d 88, 92-93 (2d Cir. 2004) (quoting *Bounds*, 430 U.S. at 821, 828). Assistance from prison authorities, however, is not the only "means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotation marks omitted). When a prisoner who is represented by appointed counsel claims that prison officials have hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Thus, to state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Christopher v. Harbury*, 536

U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)).

Here, Plaintiff is a pretrial detainee with pending criminal proceedings. He alleges generally that "[w]ithout theier tactics of holding my mail i would be free already."[4] (ECF 1 at 5.) This vague allegation is insufficient to demonstrate that Plaintiff was pursuing a "nonfrivolous, 'arguable' underlying claim," *Harbury*, 536 U.S. at 415, in a particular application to the court that was hindered as a result of delays or withholding of his mail. Furthermore, even if Plaintiff had been seeking to raise a meritorious legal issue in his criminal proceedings, he does not allege any facts suggesting that his defense counsel is unable to assert the claims on his behalf. *See Bourdon*, 386 F.3d at 98. Plaintiff thus fails to state a claim under the First Amendment for denial of access to court.

The Court dismisses this claim with leave to replead. If Plaintiff chooses to file an amended complaint, and raises an access-to-court claim, he must plead facts showing how a specific application asserting a nonfrivolous legal argument was hindered, and why his defense counsel could not assert the claim, and he must name the defendant who was personally involved in violating his rights.

---

[4] Claims for release must be brought in a petition for a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that a petition for a writ of *habeas corpus* is the proper vehicle to raise claims regarding the fact or duration of confinement). Claims for damages, such as those Plaintiff brings, are proper in a civil rights action.

2.      Interference with mail

To state a claim for interference with his mail in violation of the First Amendment, a plaintiff must allege that the interference: (1) suggests an ongoing practice of censorship unjustified by a substantial government interest, or (2) has unjustifiably chilled his right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351. As few as two incidents, however, may constitute a First Amendment violation if the incidents are indicative of "regular" and "unjustifiable" interference with the prisoner's mail. *Id.*; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff alleges that his mail was returned to him for insufficient postage or because the United States Postal Service determined that it was undeliverable. Although Plaintiff apparently believes that the reasons given were pretextual, he has not alleged any facts explaining why he asserts that the insufficient address and fees issues were "fraudulent." (ECF 1 at 4.) Plaintiff states, "yeah! Right!, it goes free . . . ." (*Id.*) Prisoners are not entitled to unlimited free postage, however, and prison authorities are entitled to impose certain limits. *See, e.g.*, *Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir. 1985) (holding that prisoners must be provided "a reasonably adequate amount of postage" for access to the courts). Plaintiff's allegations are insufficient to state a claim of unjustified censorship or other violation of his rights under the First Amendment. The Court therefore dismisses this claim, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief can be granted, with leave to replead under the standards set forth above.

The Court also notes that Plaintiff cannot prosecute criminal charges for tampering with his mail because, among other reasons, "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Prosecutors possess

discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear if Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0120 (LTS). An Amended Civil Rights Complaint form is attached to this order.

No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's federal claims for failure to state a claim upon which relief may be granted and decline to exercise supplemental jurisdiction of his state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   April 15, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                    _____
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____